

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KELLY KNIGGE | § | |
| Plaintiff, | § § § | |
| VS. | § § | CASE NO. 4:11cv295 |
| BANK OF AMERICA CORP. and BAC HOME LOANS SERVICING, L.P. | § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants BAC Home Loans Servicing, L.P. and Bank of America, N.A.(incorrectly named by Plaintiff as Bank of America Corp.)'s Motion to Dismiss (Dkt. 6). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND

On or about December 10, 2005, Plaintiff refinanced the real property located at 1616 Meadow Vista Drive, Flower Mound, Texas (the "Property"). In connection with her refinance of the Property, Plaintiff executed a Deed of Trust and Promissory Note. Plaintiff claims that on or about November 5, 2012, she was contacted by Defendant[1] about participating in a loan modification program and was not in default on her loan at that time. From December 2010 until February 2011, Plaintiff alleges, she engaged in a back and forth with Defendant regarding a possible loan

---

[1] Although Plaintiff's First Amended Petition names both Bank of America Corp. and BAC Home Loans Servicing, LP as defendants, she asserts allegations against them collectively as "Defendant."

1

modification. At some point during this period, Plaintiff apparently fell behind in her payments and the Property was ultimately foreclosed upon on March 1, 2011.

In her First Amended Petition, Plaintiff alleges that over the course of approximately five (5) months BAC allegedly informed Plaintiff that, during her request for a loan modification, no foreclosure on her home would occur. Plaintiff further alleges that despite these alleged representations, her home was sold at a foreclosure sale to a third party. As a result, Plaintiff's First Amended Petition asserted causes of action for: (1) fraudulent and negligent misrepresentation; (2) promissory estoppel;[2] and (3) violations of the Texas Debt Collection Act (the "TDCA"). Plaintiff seeks actual and exemplary damages, attorneys' fees and injunctive relief.

In their motion, Defendants argue that the Court must dismiss all of Plaintiff's claims in their entirety with prejudice under FED. R. CIV. P. 12(b)(6) because (1) Plaintiff's alleged modification is barred by the statute of frauds; and (2) Plaintiff's negligence claims are barred by the economic loss doctrine.

The Court notes that upon removal of this case, Plaintiff was granted leave to amend her pleadings to comply with any applicable federal pleading standards. *See* Dkt. 7. She did not do so. Then, after the filing of Defendants' motion and Plaintiff's response – in which Plaintiff made a request to amend her pleadings – Plaintiff was again given the opportunity to amend her pleadings. *See* Dkt. 19. She did not do so. Therefore, the Court considers the pleadings as filed in state court

---

[2]In her response to Defendants' motion, Plaintiff expressly abandons her claim for promissory estoppel. *See* Dkt. 12-4 at ¶ 18. Therefore, the only remaining claims for the Court to consider are her claims of negligent or fraudulent misrepresentation and her claims under the Texas Debt Collection Act.

2

and no further amendments to cure any defects here will be permitted.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

3

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

ANALYSIS

**<u>Statute of Frauds & Promissory Estoppel</u>**

The Court first addresses Defendant's argument that Plaintiff's claims regarding the five-month loan modification process – a process which ultimately yielded no modification – are barred by the statute of frauds. The Texas Business and Commerce Code has codified the statute of frauds as it applies to real estate transactions. Under Section 26.01(b)(4), an agreement for the sale of real property must be in writing in order to be enforceable. Texas courts have applied this provision to loan modifications to hold that an agreement that contemplates the modification and/or extension of a lien or mortgage must be in writing. *West v. First Baptist Church*, 71 S.W.2d 1090, 1100 (Tex. 1934); *Edward Scharf Assocs., Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. App. – Waco 1979, no writ); *Woodman v. Bishop*, 203 S.W.2d 977, 978 (Tex. App. – San Antonio 1947, no writ).

In her response, Plaintiff claims that Defendant temporarily waived its rights under the deed of trust and such a waiver requires no consideration to be enforeceable. To prove waiver, a plaintiff must show "an actual intent to relinquish the right (which can be inferred from conduct)." *G.H. Bass & Co. v. Dalsan Props.—Abilene,* 885 S.W.2d 572, 577 (Tex. App.-Dallas 1994, no writ) (internal citations omitted). To prove waiver based on inference, a plaintiff has the "onerous" burden to

provide conclusive evidence that its opponent unequivocally demonstrated an intent to no longer assert its claim. *Id.*

Plaintiff here, though rather in artfully, argues that Defendant's representations regarding the loan modification waived their rights to continue with the foreclosure. In support of this proposition Plaintiff cites to a 1935 Texas Court of Civil Appeals case. *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex. Civ. App.-Waco 1935, writ ref'd). Defendants claim that case is distinguishable, and the Court agrees.

Although not specifically referenced by Defendant, the Court notes that there is express language in the parties' agreement regarding waiver. The Note signed by Plaintiff provides that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time," Dkt. 6-2, PageID# 89, § 7(D), and the Deed of Trust expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy… shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 6-2, PageID #103, § 12.[3]

There is no indication that any such contractual provision was present in the *John Hancock* case. Here, the language in the Note and Deed of Trust prevents Plaintiff from arguing an unequivocal intent to relinquish Defendant's right. *Thomas v. EMC Mortg. Corp.*, 2011 WL

---

[3]Although a district court may not go outside the complaint when considering a motion to dismiss, a district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Court finds the Note and Deed of Trust to be central to Plaintiff's claims here.

5880988, 6 (N.D. Tex. 2011) (finding no waiver under Texas law where loan documents specifically addressed waiver issues).

The Court notes that Defendant's argument as to statute of frauds here, while accurate representation of the governing case law, seems to be a misguided application to the facts here. Plaintiff does not appear to seek enforcement of any purported loan modification – which the Court agrees would be barred by the statute of fraud. Plaintiff indeed brings no explicit claims arising out of contract. Nonetheless, Plaintiff has responded with her arguments regarding waiver. Therefore, to the extent Plaintiff has brought claims constituting breach of contract claims, the motion to dismiss is GRANTED.[4]

**Fraudulent/Negligent Misrepresentation Claim**

The Court next turns to Defendant's argument that Plaintiff's fraudulent and negligent misrepresentation claims are barred under the economic loss rule. As with Defendant's statute of frauds argument, Plaintiff responds by arguing that Defendant temporarily waived its right to sell the Property by engaging in loan modification negotiations. As noted above, the Court finds that Plaintiff cannot assert a theory of waiver here. Nonetheless, the Court will address whether the economic loss doctrine bars – as a matter of law – Plaintiff's tort claims here. The Court finds that it does not at this early phase of the proceedings and that Plaintiff has stated a claims for fraudulent and negligent misrepresentation.

---

[4]The Court notes that there may have been sufficient facts alleged here to support an estoppel claim. However, in her response, Plaintiff explicitly states that she no longer wishes to pursue a claim for promissory estoppel. Based on this express assertion, by Plaintiff, through counsel, the Court therefore declines to find that an estoppel theory may prevent the application of statute of frauds.

The economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir.2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex.2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may also sound in tort." *Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494. If, however, "the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* In order to recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Here, Plaintiff seeks damages ranging from $75,000 to $1,000,000. Because the note at issue involved a loan with a principal amount of $220,573.79, it appears to the Court that Plaintiff seeks damages in excess of the value of the contract. Therefore, her negligent misrepresentation claims shall remain at this time. If Plaintiff fails to offer any evidence of damages outside of the contract during summary judgment or trial, her negligent misrepresentation claims will be dismissed. *See,*

7

*e.g., Deuley v. Chase Home Finance LLC,* 2006 WL 1155230, 3 (S.D. Tex. 2006) ("Therefore, because the Deuleys allege they suffered some type of damages, the Court denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for a more definite statement so that the type of damages the Deuleys seek may be determined."). However, considering the disfavor with which motions to dismiss are treated, the economic loss rule should not bar her claims at this juncture.

Moreover, the Court finds that Plaintiff has stated facts sufficient to support her underlying tort claims. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted).

Plaintiff claims here that Defendant's representatives told her that "Defendant had all of Plaintiff's paperwork and that Plaintiff's loan modification was under review," that "she need not take any further action." Dkt. 4 at ¶20. Further, Plaintiff states that Defendant's representative told her that "he was going to submit the proper paperwork to postpone the foreclosure," that "Defendant would not sell the property" and that "the paperwork Plaintiff had completed and the form he would submit would 'take care of it'" and that she ultimately relied on this representation. Dkt. 4 at ¶¶23,

25, 30 & 31. The Court finds that Defendant's representations that the two forms would "take care of it" and that it would submit paperwork to stop the foreclosure, coupled with the temporal proximity of these alleged representation to the foreclosure, are sufficient to state a claim for negligent misrepresentation.

**TDCA**

Next the Court turns to Plaintiff's claim that Defendants violated the Texas Debt Collection Act. Defendants argue that these claims are barred by the statute of frauds. Plaintiff responds, in essence, that the statute of frauds has no bearing on the claims under the TDCA. The Court agrees.

In her amended complaint, Plaintiff alleges that Defendant violated §§392.304(a)(8), and 392.304(a)(19) of the Texas Finance Code. Section 392.304(a)(8) prohibits misrepresenting the character, extent or amount of consumer debt and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. Here, Plaintiff alleges that Defendant informed her that she could disregard the foreclosure notice while her loan modification materials were pending. The Court finds that Plaintiff has pled sufficient facts to survive dismissal of their TDCPA violation claim as to Sections 392.304(a)(8) and (a)(19), *see Iqbal*, 129 S. Ct. at 1950, and Defendants have not shown that claims of these statutory violations are – as a matter of law – barred by the statute of frauds. They should remain at this time.

**Injunctive & Declaratory Relief**

Because the Court finds that Plaintiff has stated claims here, it declines to dismiss her claims for injunctive and declaratory relief at this juncture.

Defendants' Motion to Dismiss (Dkt. 6) should be DENIED in part and GRANTED in part,

9

and Plaintiff may proceed with her claims of negligent/fraudulent misrepresentation and TDCA violations.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE